UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALEXANDRA MATALAVAGE,
                    Plaintiff,

          vs.

COUNTY OF NIAGARA, NEW YORK ET AL.,
                    Defendants.

20-CV-1254 WMS(LGF)

PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO
DEFENDANT FILICETTI

To:    Michael Filicetti
       Michael E. Hickey, Esq.
       Riane F. Lafferty, Esq.
       Attorneys for Defendant
       Bond, Schoeneck & King,
       200 Delaware Avenue, Suite 900
       Buffalo, NY  14202

      Plaintiff, ALEXANDRA MATALAVAGE, pursuant to Fed. R. Civ. P. 33, propounds the following Interrogatories upon the Defendant MICHAEL FILICETTI to be answered within thirty (30) days.  These Interrogatories must be answered fully, separately, in writing, and under oath.  Each answer must be preceded by the question to which it responds.  Where a designated Interrogatory includes subparagraphs, each is to be answered separately, organized in such a manner as to identify the sub-part to which the response applies.  Pursuant to Local Rule of Practice 26(b) an electronic courtesy copy of these Interrogatories in Word format will be emailed to counsel.

      The definitions and instructions contained in Local Rule of Practice 26(c)(3) and 26(c)(4), attached hereto, are hereby incorporated into and made a part of each Interrogatory that follows, and must be strictly followed.

Defendant is further requested to provide Plaintiff with a list of any documents withheld under a claim of privilege, providing the date, author, title and addresses of the document, the identity of any person or entity to whom the document has been supplied, a description of the subject matter of the document, and the basis for the assertion of a privilege, pursuant to the procedures set forth in Local Rule of Practice 26(d)(1) and (2) (attached hereto).

The procedures set forth in Local Rule of Practice 26(e) (attached hereto) governing discovery of electronically stored information are also hereby incorporated by reference.

No part of an Interrogatory shall be left unanswered merely because an objection is interposed in another part of the Interrogatory.

Should an objection to an Interrogatory be interposed, it should clearly indicate which part or portion of the Interrogatory it is directed.

If, in answering any of these Interrogatories, Defendant claims any ambiguity in interpreting either the Interrogatory, definition, or instruction thereto, such claim shall not be utilized by Defendant as a basis for refusing to answer, but Defendant shall set forth as part of the answer, the language deemed to be ambiguous and the interpretation chosen or used in responding to the Interrogatory.

If an Interrogatory cannot be answered in full, then Defendant should answer to the extent possible, and state the reason for the inability to provide a complete answer.

If documents responsive to any Interrogatory have already been produced please advise the bates numbers of all such documents or otherwise identify the specific responsive documents to each Interrogatory.

The procedures set forth in Local Rule of Practice 26(e) (attached hereto) governing discovery of electronically stored information are also hereby incorporated by reference.

In answering these Interrogatories, the Defendant is requested to furnish all information, including hearsay, in possession of the Defendant and his attorneys, agents, investigators, employees, independent contractors, and all other persons acting on behalf of the Defendant, and not merely such information known of the personal knowledge of the person answering these Interrogatories.

The Interrogatories which follow are to be considered as continuing to the extent permitted by Rule 26(e) of the Federal Rules of Civil Procedure, and Defendant Filicetti is requested to provide, by way of supplementary answers, such additional information as Defendant Filicetti is  or any other person acting on his behalf may hereafter obtain which will augment or otherwise modify Defendant Filicetti's  answers now given to the Interrogatories below. Such supplementary responses are to be served upon plaintiff within 30 days after receipt of such information.

The failure to comply with any of the said instructions and procedures will constitute the basis for an objection to the response to these Interrogatories.

<u>INTERROGATORIES</u>

1) Please state how long Defendant Filicetti has  been employed by the Niagara County Sheriff's Office, what positions Defendant Filicetti has held, and the dates Defendant Filicetti has  occupied each position.

2) Please identify all documents prepared or maintained by the Defendant Filicetti, and any personal diaries, memoranda, or other documents prepared or maintained by Defendant Filicetti or any other Defendant, consulted by Defendant Filicetti in responding to these requests.

3) Please identify all communications, and set forth the substance of all non-privileged

communications Defendant Filicetti received from any individual, including, but not limited to the other Defendants and each of their representatives, concerning the investigation of Plaintiff Matalavage's performance or non-performance of her duties during the time period 2018-2019.

4) Please identify the person(s) involved in the decision to discipline the Plaintiff for alleged time violations involving inconsistencies between her log entries and swipes recorded in Defendants' electronic access control system and describe in precise detail exactly what each person identified did, and when he or she did it, in connection with the decision.

5) Please identify all communications  Defendant Filicetti had with employees of Defendants, and set forth the substance of all non-privileged communications Defendant Filicetti  had with any individual, including, but not limited to the other Defendants and their representatives, concerning EEOC Charges 525-2019-00825, 525-2019-01124 and 525-2019-01448.

6) Please identify all communications, and set forth the substance of all non-privileged communications Defendant Filicetti  had with any individual, including, but not limited to the other Defendants and their representatives, concerning the Commission of Corrections' Minimum Standards Evaluation dated April 2018.

7) Please identify all communications, and set forth the substance of all non-privileged communications Defendant Filicetti had with any individual, including, but not limited to the other Defendants and their representatives, concerning the implementation of the Electronic Supervisory Round Review procedure in the Niagara County Jail.

8) Please describe all actions undertaken by Defendants between April 9, 2019 and July 1, 2019, inclusive, that communicated to Plaintiff details and specific information concerning

her alleged violation of the Employer's procedures, rules and regulations, and information as to how she might avoid violations of those rules and regulations in the future.

9) Please identify the employee(s) of the Niagara County Sheriff's Office who participated in the decision to charge Plaintiff with a crime and describe in precise detail exactly what each person identified did, and when he or she did it, in connection with the decision.

10) Who authorized the offer communicated to Plaintiff on June 11, 2019, to refrain from charging Plaintiff with a crime if she resigned from her position and withdrew her EEOC charge?

11) Who authorized the offer communicated to Plaintiff on or about June 21, 2019, to drop all criminal charges against Plaintiff, provide a neutral letter of reference and not protest an application for unemployment insurance benefits if Plaintiff resigned and withdrew her EEOC charge?

12) Who authorized the offer communicated to Plaintiff on or about June 25, 2019, to enter a last chance agreement with Plaintiff and impose a 60-day suspension without pay instead of a resignation?

13) Who authorized the offer communicated to Plaintiff on or about June 27, 2019, to accept a 60-day suspension and withdraw her EEOC charge without a last chance agreement?

14) Please state why withdrawal of Plaintiff's EEOC charges was made a condition of her continued employment in June 2019.

15) Please identify the scope of Defendant Filicetti's responsibilities at the Niagara County Jail for personnel decisions.

16) Concerning the Felony Complaints against the Plaintiff signed by Brian Harrer, please state the following:

a)   Who authorized the preparation of the felony complaints;

b)   On what date were the felony complaints prepared;

c)   What communication did Defendant Filicetti have with Lt. Harrer concerning the felony complaints.

17) Please identify all communications Defendant Filicetti had with employees of Niagara County District Attorney, and set forth the substance of all non-privileged communications Defendant Filicetti received from any individual, including, but not limited to including, but not limited to employees of the Niagara County District Attorney, other employees of Defendants. and their representatives, concerning *People v. Matalavage*, Lockport Town Court Case No. 19080278.

18) State whether the Defendants regard  written policies and written rules concerning employee conduct as binding on the Defendants.

19) Please identify any and all individuals who assisted Defendant Filicetti in preparing his responses to these requests.

DATED:        May 19, 2021
              Buffalo, New York


/s/ Elizabeth Tommaney                          /s/ Anna Marie Richmond
_____         _____
By:     Elizabeth Tommaney, Esq.              Anna Marie Richmond, Esq.
        *Attorney for Plaintiff*                       *Attorney for Plaintiff*
        **TOMMANEY LAW, PLLC**             2500 Rand Building
        2500 Rand Building                       14 Lafayette Square

(2)   a statement defining the class sought to be certified, including its geographical and temporal scope;

(3)   a description of each party's particular grievance and why that claim qualifies the party as a member of the class as defined;

(4)   a statement describing any other pending actions in any court against the same defendant(s) that allege the same or similar causes of actions, about which the party or counsel seeking class action certification is personally aware;

(5)   a statement of any other matters that the movant deems necessary and proper to expedite a decision on the motion and resolution of the case on the merits.

Responses to certification motions shall be in accordance with the requirements of these Local Rules.

(e)   **Abandonment.** Failure to move for class determination and certification on or before the deadline established in the scheduling order shall constitute an intentional abandonment and waiver of all class action allegations contained in the pleading, and the action shall proceed thereafter as an individual, non-class action. If any motion for class determination or certification is filed after the deadline, it shall not have the effect of reinstating the class allegations unless and until it is acted upon favorably by the Court upon a finding of excusable neglect and good cause.

(f)   **Notice.** If the Court determines that an action may be maintained as a class action, the party obtaining that determination shall, unless otherwise ordered by the Court, initially bear the expenses of and be responsible for giving such notice as the Court may order to members of the class.

(g)   **Amendments.** No class action allegation of a certified class shall be withdrawn, deleted, or otherwise amended without Court approval.

(h)   **Applicability.** The foregoing provisions shall apply, with appropriate adaptations, to any counterclaim or cross-claim brought for or against a class.

---

## RULE 26

### GENERAL RULES GOVERNING DISCOVERY

(a)   **Rule 26(f) Discovery Conference**.   The parties shall confer about all of the matters contemplated by Fed.R.Civ.P. 26(f) and L.R.Civ.P. 16(a)(3), unless the case is excepted from this requirement by L.R.Civ.P. 16(b)(1).

(b)   **Form of Interrogatories, Requests to Produce or Inspect, and Requests for Admission**. The parties shall sequentially number each interrogatory or discovery request.  In addition

to service pursuant to Fed.R.Civ.P. 5, the party to whom interrogatories or discovery requests are directed shall, whenever practicable, be supplied with an electronic courtesy copy of the served document in a word processing format.  In answering or objecting to interrogatories or discovery requests the responding party shall first state verbatim the propounded interrogatory or request, and immediately thereafter the answer or objection.

(c)     **Uniform Definitions for all Discovery Requests**.

(1)     The full text of the definitions and rules of construction set forth in subsections (3) and (4) is deemed incorporated by reference into all discovery requests.  No discovery request shall use broader definitions or rules of construction than those set forth in subsections (3) and (4).  This rule shall not preclude (a) the definition of other terms specific to the particular litigation, (b) the use of abbreviations, or (c) a more narrow definition of a term defined in subsection (3).

(2)     This rule is not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.

(3)     The following definitions apply to all discovery requests:

(A)     **Communication**.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(B)     **Document**.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed.R.Civ.P. 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

(C)     **Identify (with respect to persons)**.  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, the present or last known place of employment.  Once a person has been identified in accordance with this subsubsection, only the person's name need be listed in response to subsequent discovery requesting the identification of that person.

(D)     **Identify (with respect to documents)**.  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipients(s).

(E)     **Parties**.  The terms "plaintiff" and "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(F)     **Person**.  The term "person" is defined as any natural person or any business, legal or governmental entity, or association.

(G) **Concerning**.  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

(4)   The following rules of construction apply to all discovery requests:

(A) **And/Or**.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(B) **Number**.  The use of the singular form of any word includes the plural and vice versa.

(d)   **Assertion of Claim of Privilege**.

(1)   Where a party asserts a claim of privilege in objecting to any means of discovery or disclosure, and withholds otherwise responsive information based on that assertion:

(A) the party asserting the privilege shall identify the nature of the privilege (including work product) being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

(B) shall provide the following information, unless to divulge such information would cause disclosure of the allegedly privileged information:

(i)   for documents: (a) the type of document, *i.e.*, letter or memorandum; (b) the general subject matter of the document; (c) the date of the document; and (d) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

(ii)  for oral communications: (a) the names of the person making the communication and the person(s) present while the communication was made and, where not apparent, the relationship of the person making the communication to the person(s) present; (b) the date and place of communication; and (c) its general subject matter.

(2)   Where the claim of privilege is asserted in response to discovery or disclosure other than at a deposition, the information set forth in subsection (1) shall be furnished in writing when the party responds to such discovery or disclosure, unless otherwise ordered by the Court.

(3)   Where the claim of privilege is asserted during a deposition, the information set forth in subsection (1) shall be furnished: (a) at the deposition, to the extent it is

readily available from the witness being deposed or otherwise, and (b) to the extent it not readily available, in writing within fourteen (14) days after the privilege is asserted, unless otherwise ordered by the Court.

(4)     Efficient means of providing information regarding claims of privilege are encouraged, and parties are encouraged to agree upon measures that further this end. For example, when asserting privilege on the same basis with respect to multiple documents, it is presumptively proper to provide the information required by this rule by group or category. A party receiving a privilege log that groups documents or otherwise departs from a document-by-document or communication-by-communication listing may not object solely on that basis, but may object if the substantive information required by this rule has not been provided in a comprehensible form.

(e)     **Electronically Stored Information**. Discovery of relevant electronically stored information shall proceed as follows:

(1)     After receiving requests for document production, the parties shall search their documents, including ESI other than ESI that has been identified as not reasonably accessible, and produce relevant responsive ESI in accordance with Fed.R.Civ.P. 26(b)(2).

(2)     Searches and production of ESI identified as not reasonably accessible shall not be required to be conducted until the initial disclosure of reasonably accessible ESI has been completed. Requests for information expected to be found in ESI that is not reasonably accessible must be narrowly focused with some basis in fact supporting the request, and good cause must be provided. The party seeking such discovery may be required to pay all or a portion of the costs of search, retrieval, review, and production of the information, upon application to the Court.

(3)     **Search Methodology**. If a party intends to employ an electronic search to locate relevant ESI, the parties shall discuss and attempt to reach agreement as to the method of searching, and the words, terms, and phrases to be searched and any restrictions as to scope and method which might affect their ability to conduct a complete electronic search of the ESI. The parties shall also attempt to reach agreement as to the timing and conditions of any additional searches which may become necessary in the normal course of discovery. To minimize undue expense, the parties may consider limiting the scope of the electronic search (*i.e.*, time frames, fields, document types).

(4)     **Metadata**. Except as otherwise provided, metadata, especially substantive metadata, need not be routinely produced, except upon agreement of the requesting and producing litigants, or upon a showing of good cause in a motion filed by the requesting party.

(5)     **Format**. If the parties have not agreed or cannot agree to the format for document production, ESI shall be produced to the requesting party as image files (*i.e.* PDF or TIFF). When the image file is produced, the producing party must preserve the integrity of the electronic document's contents, *i.e.*, the original formatting of the

–26–

document, its metadata and, where applicable, its revision history. After initial production in image file format is complete, a party must demonstrate particularized need for production of ESI in its native format.

(6) **Costs**. Generally, the costs of discovery, other than the costs associated with ESI that is not reasonably accessible, shall be borne by each party. However, the Court will apportion the costs of discovery or presentation of ESI, including discovery of ESI that is not reasonably accessible, upon a showing of good cause, or unequal burdens, or unreasonable request.

(f) **Non-filing of Discovery Materials**. Parties shall comply with Fed.R.Civ.P. 5(d)(1), except that in cases involving an incarcerated *pro se* litigant, all discovery materials must be filed with the Court pursuant to L.R.Civ.P. 5.2(f).

(g) **Cooperation Among Counsel in the Discovery Context**. *See* the Civility Principles and Guidelines of the United States District Court for the Western District of New York which can be found on the Court's website, http://www.nywd.uscourts.gov.

---

# RULE 29

## STIPULATIONS

All stipulations, except stipulations made in open court and recorded by the court reporter, shall be in writing and signed by each attorney and/or *pro se* litigant. The parties shall determine who will be responsible for filing, and a copy of the stipulation, with signatures conformed (*i.e.*, "s/Jane Doe," "s/John Smith"), shall be filed electronically. The Court will act on the filed stipulation, as necessary and appropriate.

---

# RULE 30

## DEPOSITIONS

(a) **Fair Notice**. Absent agreement of the parties or Court order, each notice to take the deposition of a party or other witness shall be served at least twenty-one (21) days prior to the date set for examination.

(b) **Production of Documents in Connection with Depositions**. Consistent with the requirements of Fed.R.Civ.P. 30 and 34, a party seeking production of documents of another party or witness in connection with a deposition shall schedule the deposition to allow for production of the documents at least seven (7) calendar days prior to the deposition. Upon receipt of the documents, the party noticing the deposition shall immediately inform counsel for all other noticed parties that the requested documents have been produced and shall make the documents available for their inspection and reproduction. If timely requested documents are not produced at least seven (7) days prior to the deposition, the party noticing the deposition may either adjourn the deposition until a