UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALEXANDRA MATALAVAGE,

                 PLAINTIFF,

V.

COUNTY OF NIAGARA, ET AL.,

                 DEFENDANTS.

**DEFENDANT MICHAEL FILICETTI'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Civil Action No. 20-CV-01254

      Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant, Michael Filicetti ("Defendant" or "Filicetti"), objects and responds as follows to Plaintiff's First Set of Interrogatories (the "Interrogatories"). Defendant's responses to the Interrogatories are made without waiving or intending to waive but, on the contrary, intending to reserve and reserving:

    a.    the right to object to the competence, relevance, materiality, privilege and admissibility as evidence for any purpose of the answers, responses, objections or documents, or the subject matter thereof, in any aspect of this or any other action, arbitration, proceeding or investigation;

    b.    the right to object on any ground to the use of the answers, responses, objections or documents, or the subject matter thereof, in any aspect of this or any other action, arbitration, proceeding or investigation;

    c.    the right to object at any time to any other interrogatories; and

    d.    the right at any time to revise, supplement, correct or add to this response.

## GENERAL OBJECTIONS

    1.    Defendant objects to the Interrogatories on the grounds and to the extent they ask for privileged information, including, without limitation, information that is protected by the

1

attorney-client privilege, that is protected by the attorney work product doctrine, that was prepared in anticipation of litigation, that constitutes or discloses the mental impressions, conclusions, opinions, legal theories or strategies of any attorney or representative of Defendant concerning this or any other litigation, or that is protected by any other privilege or immunity.

2. Defendant objects to the Interrogatories to the extent they impose obligations or seek information beyond what is permitted by the Federal Rules of Civil Procedure ("FRCP") and Local Rules of Civil Procedure for the Western District of New York (the "Local Rules") and any other applicable rules.

3. Defendant objects to the Interrogatories on the grounds and to the extent they purport to require the furnishing of information that is already in the possession of, or otherwise available to, Plaintiff, is publicly available, or is not within the possession, custody, or control of Defendant.

4. Defendant objects to the Interrogatories to the extent that they are repetitive and/or individual requests substantially overlap with other individual requests.

5. Defendant objects to the Interrogatories to the extent they are overly broad, unduly burdensome and oppressive, or seek information that is neither material and necessary to the prosecution or defense of this action nor reasonably calculated to lead to the discovery of admissible evidence.

6. Defendant objects to the Interrogatories to the extent they do not reference a specific time frame, and to the extent any such requests reference a time frame that is (i) overbroad; and/or (ii) not reasonably calculated to lead to the discovery of admissible evidence.

7. Defendant objects to the Interrogatories to the extent they seek conclusions of law and not the discovery of facts.

8. Defendant objects to the Interrogatories on the grounds and to the extent they seek proprietary and/or confidential information.

9. These General and Continuing Objections are incorporated in each response set forth below and shall be deemed to be continuing even though not specifically referred to in each response to each specific request.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

Subject to the foregoing General and Continuing Objections and the specific objections set forth below, and without waiving and expressly preserving all such objections, and based on the documents and information Defendant has identified and collected to date, Defendant responds to the Interrogatories as set forth below.

The specific responses set forth below are based upon information now available to Defendant, and Defendant reserves the right at any time to revise, correct, add to, or clarify the objections or responses set forth herein.

Each response contained herein shall be deemed as answering the interrogatory immediately preceding it and all other interrogatories to which it is factually and/or legally responsive.

**INTERROGATORY 1** Please state how long Defendant Filicetti has been employed by the Niagara County Sheriff's Office, what positions Defendant Filicetti has held, and the dates Defendant Filicetti has occupied each position.

**RESPONSE:** Subject to and without waiving the General and Continuing Objections, Defendant has been employed by the Niagara County Sheriff's Office as follows:

- Sheriff; elected 1/1/2021
- Acting Sheriff from 1/1/2020
- Undersheriff from 1/1/2012
- Captain from 1/20/2008

- Sergeant from 8/26/2007
- Hired as Deputy Sheriff on 9/22/1997

**INTERROGATORY 2**   Please identify all documents prepared or maintained by the Defendant Filicetti, and any personal diaries, memoranda, or other documents prepared or maintained by Defendant Filicetti or any other Defendant, consulted by Defendant Filicetti in responding to these requests.

**RESPONSE:** Please see the documents produced in response to Plaintiff's First Request for Production of Documents and, specifically, the documents produced in response to Demand No. 1.

**INTERROGATORY 3**   Please identify all communications, and set forth the substance of all non-privileged communications Defendant Filicetti received from any individual, including, but not limited to the other Defendants and each of their representatives, concerning the investigation of Plaintiff Matalavage's performance or non-performance of her duties during the time period 2018-2019.

**RESPONSE:** In addition to the General and Continuing Objections, Defendant objects to this Request as overly broad and unduly burdensome in that it requires Defendant to identify "all" communications with "any" individual concerning the investigation of Plaintiff's performance or non-performance of her duties during the time period 2018-2019, without regard to the relevance of such communications, and thus seeks information that is neither relevant to the subject matter of this litigation nor proportional to the needs of this case. Defendant further objects to the use of the undefined terms "performance or non-performance of her duties" which are extremely broad and susceptible to many different meanings and interpretations so as to make it difficult to respond meaningfully and accurately.

==Subject to and without waiving the foregoing objections, please see the documents produced in response to Plaintiff's First Request for Production of Documents for documents regarding the investigation of Plaintiff's rounding failures.==

**INTERROGATORY 4**     Please identify the person(s) involved in the decision to discipline the Plaintiff for alleged time violations involving inconsistencies between her log entries and swipes recorded in Defendants' electronic access control system and describe in precise detail exactly what each person identified did, and when he or she did it, in connection with the decision.

**RESPONSE:** In addition to the General and Continuing Objections, Defendant objects to this Request as it is overly broad, unduly burdensome, and duplicative. Please see Defendant ==County of Niagara's Response to Interrogatory No. 13==

**INTERROGATORY 5**     Please identify all communications Defendant Filicetti had with employees of Defendants, and set forth the substance of all non-privileged communications Defendant Filicetti had with any individual, including, but not limited to the other Defendants and their representatives, concerning EEOC Charges 525-2019-00825, 525-2019-01124 and 525-2019-01448.

**RESPONSE:** In addition to the General and Continuing Objections, Defendant objects to this Request as ==overly broad and unduly burdensome in that it requires Defendant to identify "all" communications== with "any" individual concerning EEOC Charges 525-2019-00825, 525-2019-01124 and 525-2019-01448 without regard to the relevance of such communications, and thus seeks information that is neither relevant to the subject matter of this litigation nor proportional to the needs of this case. Defendants further object to this request to the extent is seeks information protected by the attorney client and/or work product privilege.

5

12612434.2

**INTERROGATORY 6**     Please identify all communications, and set forth the substance of all non-privileged communications Defendant Filicetti had with any individual, including, but not limited to the other Defendants and their representatives, concerning the Commission of Corrections' Minimum Standards Evaluation dated April 2018.

**RESPONSE:** In addition to the General and Continuing Objections, Defendant objects to this Request as overly broad and unduly burdensome in that it requires Defendant to identify "all" communications with "any" individual regarding the Commission of Corrections' Minimum Standards Evaluation in April 2018, without regard to the relevance of such communications, and thus seeks information that is neither relevant to the subject matter of this litigation nor proportional to the needs of this case.

**INTERROGATORY 7**     Please identify all communications, and set forth the substance of all non-privileged communications Defendant Filicetti had with any individual, including, but not limited to the other Defendants and their representatives, concerning the implementation of the Electronic Supervisory Round Review procedure in the Niagara County Jail.

**RESPONSE:** In addition to the General and Continuing Objections, Defendant objects to this Request as overly broad and unduly burdensome in that it requires Defendant to identify "all" communications with "any" individual regarding the implementation of the Electronic Supervisory Round Review procedure in the Niagara County Jail, without regard to the relevance of such communications, and thus seeks information that is neither relevant to the subject matter of this litigation nor proportional to the needs of this case.

**INTERROGATORY 8**     Please describe all actions undertaken by Defendants between April 9, 2019 and July 1, 2019, inclusive, that communicated to Plaintiff details and specific information concerning her alleged violation of the Employer's procedures, rules and

regulations, and information as to how she might avoid violations of those rules and regulations in the future.

**RESPONSE:** In addition to the General and Continuing Objections, Defendant objects to this request as it is so vague and confusingly worded that it is impossible to respond meaningfully and accurately. Defendant further objects to this request as it seeks information that is neither relevant to the subject matter of this litigation nor proportional to the needs of this case.

**INTERROGATORY 9** Please identify the employee(s) of the Niagara County Sheriff's Office who participated in the decision to charge Plaintiff with a crime and describe in precise detail exactly what each person identified did, and when he or she did it, in connection with the decision.

**RESPONSE:** In addition to the General and Continuing Objections, Defendant objects to this Interrogatory as it is duplicative. Please see Defendant County of Niagara's Response to Interrogatory No. 14.

**INTERROGATORY 10** Who authorized the offer communicated to Plaintiff on June 11, 2019, to refrain from charging Plaintiff with a crime if she resigned from her position and withdrew her EEOC charge?

**RESPONSE:** In addition to the General and Continuing Objections, Defendant objects to the use of the undefined term "authorized," which is extremely broad and susceptible to many different meanings and interpretations so as to make it difficult to respond accurately. Defendant further objects to this request on the grounds and to the extent it asks for information protected by the attorney-client privilege. Defendant further objects to this request on the grounds and to the extent it mischaracterizes communications to Plaintiff on June 11, 2019.

**INTERROGATORY 11**     Who authorized the offer communicated to Plaintiff on or about June 21, 2019, to drop all criminal charges against Plaintiff, provide a neutral letter of reference and not protest an application for unemployment insurance benefits if Plaintiff resigned and withdrew her EEOC charge?

**RESPONSE:** In addition to the General and Continuing Objections, Defendant objects to the use of the undefined term "authorized," which is extremely broad and susceptible to many different meanings and interpretations so as to make it difficult to respond accurately. Defendant further objects to this request on the grounds and to the extent it asks for information protected by the attorney-client privilege. Defendant further objects to this request on the grounds and to the extent it mischaracterizes communications to Plaintiff on June 21, 2019.

**INTERROGATORY 12**     Who authorized the offer communicated to Plaintiff on or about June 25, 2019, to enter a last chance agreement with Plaintiff and impose a 60-day suspension without pay instead of a resignation?

**RESPONSE:** In addition to the General and Continuing Objections, Defendant objects to the use of the undefined term "authorized," which is extremely broad and susceptible to many different meanings and interpretations so as to make it difficult to respond accurately. Defendant further objects to this request on the grounds and to the extent it asks for information protected by the attorney-client privilege. Defendant further objects to this request on the grounds and to the extent it mischaracterizes communications to Plaintiff on June 25, 2019.

**INTERROGATORY 13**     Who authorized the offer communicated to Plaintiff on or about June 27, 2019, to accept a 60-day suspension and withdraw her EEOC charge without a last chance agreement?

12612434.2

**RESPONSE:** In addition to the General and Continuing Objections, Defendant objects to the use of the undefined term "authorized," which is extremely broad and susceptible to many different meanings and interpretations so as to make it difficult to respond accurately. Defendant further objects to this request on the grounds and to the extent it asks for information protected by the attorney-client privilege. Defendant further objects to this request on the grounds and to the extent it mischaracterizes communications to Plaintiff on June 27, 2019.

Subject to and without waiving the foregoing objections, please see Defendant Kevin Payne's Response to Interrogatory No. 18.

**INTERROGATORY 14**   Please state why withdrawal of Plaintiff's EEOC charges was made a condition of her continued employment in June 2019.

**RESPONSE:** In addition to the General and Continuing Objections, Defendant objects to the improper wording of this request. Withdrawal of EEOC charged was never made a condition of Plaintiff's employment with Defendants County of Niagara and Sheriff of the County of Niagara.

**INTERROGATORY 15**   Please identify the scope of Defendant Filicetti's responsibilities at the Niagara County Jail for personnel decisions.

**RESPONSE:** In addition to the General and Continuing Objections, Defendant objects to the use of the undefined terms "scope," "responsibilities," and "personnel decisions" which are all extremely broad and susceptible to many different meanings and interpretations such that it is impossible to respond meaningfully or accurately.

**INTERROGATORY 16**   Concerning the Felony Complaints against the Plaintiff signed by Brian Harrer, please state the following:

a)   Who authorized the preparation of the felony complaints;

9

12612434.2

  b)  On what date were the felony complaints prepared;

 c)  What communication did Defendant Filicetti have with Lt. Harrer concerning the felony complaints.

 **RESPONSE:** Subject to and without waiving the General and Continuing Objections, the preparation of the felony complaints which resulted in Plaintiff's guilty plea were authorized by Mary Jean Bowman and Ryan Parisi, both Assistant District Attorneys for Defendant Niagara County. Defendant does not presently recall the date on which the felony complaints which resulted in Plaintiff's guilty plea were prepared. Defendant objects to the remainder of this request as it is overly broad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this litigation nor proportional to the needs of this case.

 **INTERROGATORY 17**  Please identify all communications Defendant Filicetti had with employees of Niagara County District Attorney, and set forth the substance of all non-privileged communications Defendant Filicetti received from any individual, including, but not limited to including, but not limited to employees of the Niagara County District Attorney, other employees of Defendants. and their representatives, concerning *People v. Matalavage*, Lockport Town Court Case No. 19080278.

 **RESPONSE:** In addition to the General and Continuing Objections, Defendant objects to this Request as overly broad and unduly burdensome in that it requires Defendant to identify "all" communications with "any" individual concerning *People v. Matalavage*, Lockport Town Court Case No. 19080278 without regard to the relevance of such communications, and thus seeks information that is neither relevant to the subject matter of this litigation nor proportional to the needs of this case. Defendants further object to this request to the extent it seeks information protected by the attorney client and/or work product privileges.

12612434.2

**INTERROGATORY 18**     State whether the Defendants regard written policies and written rules concerning employee conduct as binding on the Defendants.

**RESPONSE:** In addition to the General and Continuing Objections, Defendant objects to this Interrogatory as it is duplicative. Please see Defendant Kevin Payne's Response to Interrogatory No. 20.

**INTERROGATORY 19**     Please identify any and all individuals who assisted Defendant Filicetti in preparing his responses to these requests.

**RESPONSE:** Michael E. Hickey, Esq. and Riane F. Lafferty, Esq., attorneys for Defendants, Director of Human Resources for Defendant, County of Niagara, Peter P. Lopes, and Manager of Labor Relations for Defendant, County of Niagara, Joseph A. Provino, Defendant, Michael Filicetti, and Defendant, Kevin Payne.

12612434.2

Dated: Buffalo, New York  **BOND, SCHOENECK & KING, PLLC**
October 21, 2021

By: _____
Riane F. Lafferty, Esq.
Michael E. Hickey, Esq.
*Attorneys for Defendants County of Niagara, New York, the Sheriff of the County of Niagara, Michael Filicetti, and Kevin Payne*
Avant Building
200 Delaware Avenue, Suite 900
Buffalo, New York 14202-2107
Tel: (716) 416-7024
mhickey@bsk.com
rlafferty@bsk.com

TO: Anna Marie Richmond Esq.
2500 Rand Building
14 Lafayette Square
Buffalo NY 14203
Phone: (716) 851-2711
E-mail: annamarierichmondesq@gmail.com

Elizabeth Tommaney, Esq.
2500 Rand Building
14 Lafayette Square
Buffalo NY 14203
Phone: (716) 242-1550
E-Mail: Liza@tommaneylegal.com

*Attorneys for Plaintiff*

12612434.2

## VERIFICATION

STATE OF NEW YORK      )
                       ) SS:
COUNTY OF NIAGARA      )

      Michael Filicetti, being duly sworn, states: I have read the foregoing Defendant Michael Filicetti's Response to Plaintiff's First Set of Interrogatories, know the contents thereof, and believe the answers to be true based upon my knowledge, the information and records available to me, and/or investigations which I have caused to be made concerning the subject matter of this action. This Verification is not intended and should not be construed as extending to the objections and other responses of a legal nature made in response to the Interrogatories by Defendants' counsel.

_____
Michael Filicetti

Sworn to before me this
21st day of October 2021.

_____
Notary Public

JOAN P. ROCCO
Notary Public, State of New York
No. 4880, Reg. in Niagara County
My Commission Expires 11/30/21

13233246.1 10/21/2021