UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALEXANDRA MATALAVAGE,
                Plaintiff,

vs.

SHERIFF OF THE COUNTY OF NIAGARA,
ET AL.,
                Defendant.

20-CV-1254-WMS-LGF

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

### INTRODUCTION

The Plaintiff, Alexandra Matalavage, a former Corrections Officer employed at the Niagara County Jail, filed this action pursuant to Title VII, 42 USC § 1983, and the New York Human Rights Law, claiming that she was discriminated against in employment, including a failure to promote, on the basis of her sex, and that Defendants discharged her from employment in retaliation for her having filed a complaint of discrimination with the Equal Employment Opportunity Commission.

The parties have been engaged in discovery since April 30, 2021, and have exchanged nearly 6000 pages of documentary evidence, plus video recordings. The Plaintiff has been deposed, and depositions of four of Defendants' witnesses (including Defendant Payne) are scheduled for August 18 and 19, 2022.

The discovery deadline has been extended twice by the Court (Items No. 32 and 35), and on May 27, 2022, the parties agreed to a two-week extension of the discovery deadlines. Exhibit O, requiring fact discovery to conclude on September 14, 2022, and setting the deadline for

motions to compel at August 12, 2022.

Plaintiff has requested certain information from Defendants that Defendants contend they are not obligated to produce. After informal efforts to resolve these disagreements were unsuccessful, Plaintiff now moves to compel production of the following:

- Redacted portion of emails between Lt. Brian Harrer and certain of his co-workers and superiors in the Niagara County Sherrif's Department as to which Defendants have asserted the attorney-client privilege and the law enforcement investigatory privilege;

- Written confirmation that, when one of Defendants' response to an Interrogatory Request was a reference to an Interrogatory Response by another co-defendant, that the cited response was binding on the answering defendant;

- Requests that Defendants' counsel specify what pages of Defendants' document production are responsive to specific Interrogatories and Document Requests;

- A request that Defendants identify specific Electronic Supervisory Round Review records from among the 411 pages of such records produced that contain reference to Plaintiff's alleged rounding documentation errors;

- Regarding Defendant Payne's Interrogatory Responses, a request that Defendants confirm which of Plaintiff's Interrogatories are addressed in the responses denominated Response to Plaintiff's Interrogatory Nos. 6, 7, and 8; a request that Defendant Payne responds to Interrogatories Nos. 8, 9, 12, and 13; and a request that Defendant Payne define the word "bi-weekly" as used in his in Response No. 6 to Plaintiff's Interrogatory No. 5;

- Responses to discovery demands that Plaintiff's counsel narrowed and focused in response to Defendants' initial objections that the demands were unduly burdensome or overbroad as is set forth in detail in Section G *below;*

- Spreadsheets referenced in Defendants Production.

## PROCEDURAL BACKGROUND

Plaintiff served her first discovery demands upon the Defendants on May 19, 2021. Richmond Affirmation ¶ 3; Exhibits A, B, C, D, E, F.  After numerous mutually-agreed-upon extensions, and a jointly-requested Amended Case Management Order, Defendants served responses to Plaintiff's discovery requests on October 22, 2021.  Richmond Affirmation ¶ 4; Item No. 35; Exhibits G, H, I, J, K.  Defendants' initial production of documents was comprised of 2719 pages of documents organized into five folders, as is set forth in detail in Richmond Affirmation ¶ 5.

Plaintiff's counsel reviewed Defendants' responses, and on January 28, 2022, sent a letter to Defendants' counsel objecting to certain of Defendants' responses, and clarifying, narrowing and focusing certain of Plaintiff's demands in response to Defendants' objections. Richmond Affirmation ¶ 6; Exhibit L.  At the time, the discovery deadline was March 31, 2022, and motions to compel were due by February 28, 2022.  *Id*. ¶ 7; Item No. 32.

Defendants were unable to complete their response to Plaintiff's January 28, 2022 letter within the discovery deadline, and on March 30, 2022, moved, on consent, for a further extension of the Case Management Order.  *Id.* ¶¶ 8-9; Item No. 33.  The Court granted the motion, and re-set the discovery deadline to August 31, 2022.  *Id.*, ¶ 10; Item No. 35.

On May 11, 2022, Plaintiff's counsel mailed a letter to Defendants' counsel, inquiring about the status of Defendants' response to the January 28 letter, and requesting additional documents that were referenced in Defendants' document production, but not produced. *Id.*, ¶ 11; Exhibit M.  Having received no response, Plaintiff's counsel sent another letter, again asking about Defendants' production on May 20, 2022.  *Id.*, ¶ 12; Exhibit N.

In the meantime, Plaintiff's deadline for producing an expert report was set for June 1, 2022. On the evening of May 26, 2022, Plaintiff's expert notified Plaintiff's counsel that the expert had been diagnosed with COVID-19. The following day, Plaintiff's counsel emailed Defendants' counsel seeking a two-week extension of the discovery deadlines to accommodate the expert's illness, as well as Defendants' delays in responding to the January 28, 2022 letter. *Id.*, ¶ 13; Exhibit O. Defendants' counsel agreed, and also agreed that the extension of ¶ 2 of the Case Management Order would be informal. *Id.,* Exhibit O, p. 1.

On June 3, 2022, Defendants' counsel emailed Plaintiff's counsel, and advised that the response to the January 28, 2022 letter would be provided no later than close of business on June 7, 2022. The material was not provided on June 7, and Plaintiff's counsel inquired via email on the morning of June 8, and was assured, via email that Defendants were "finalizing the response now." Exhibit P. The response was provided via email on June 8. *Id.*, ¶ 15; Exhibit Q.

Defendants' response indicated that a privilege log and additional documents would be forthcoming. *Id.*, ¶ 16; Exhibit Q, p. 4. Beginning on June 22, 2022, Plaintiff's counsel requested the "additional documents" via email. *Id.*, ¶ 17; Exhibit R. Defendants' counsel responded that they "will do our best to get them to you by June 30." *Id.* Defendants produced the additional materials on July 1, 2022. *Id.*, ¶ 18; Exhibit S.

A preliminary review of Defendants' July 1, production identified an unresolved discrepancy in the numbering of Defendant Payne's Interrogatory responses. Plaintiff's counsel wrote to Defendants' counsel asking for clarification on July 6 and 7, 2022. *Id.* ¶ 19; Exhibit T. Unfortunately, as is set forth in detail in Section E, *below*, Defendants have not resolved the discrepancy.

Plaintiff's counsel completed their review of Defendants' June 8 and July 1 productions on July 19, 2022, and sent Defendants' counsel a 21-page letter identifying deficiencies in the response. *Id.*, ¶ 20; Exhibit U. Plaintiff's counsel invited Defendants to schedule a meeting to discuss their concerns. *Id.*, ¶ 21; Exhibit U, p. 21. Defendants' counsel replied via email on July 30, 2022, declining to produce anything further. *Id.*, ¶ 22; Exhibit V.

On August 2, 2022, Plaintiff's counsel sent another email to Defendants' counsel, focusing on seven key concerns. *Id.*, ¶ 23. Exhibit W. Plaintiff's counsel reiterated their offer to discuss their concerns with Defendants' counsel, and specifically stated that they were "striving to avoid a motion to compel." *Id.* To date, Defendants counsel have not responded to Plaintiff's counsel's August 2, 2022 email.

## LEGAL ARGUMENT

### A. Defendants are Not Entitled to the Claimed Privileges

Defendants have turned over pages of documents that are described as "Criminal Investigation" records and "Criminal Investigation Communications," DEF002544 – 002579, of which eight pages are fully or partially redacted (DEF002549, 002550, 002563, 002565, 002571, 002577, 002578, 002579), Confidential Exhibit 1. Defendants have also turned over a privilege log, Exhibit Q, which identifies pages DEF002562, 002565 and 002571 as protected by the attorney client privilege, and the remaining pages as protected by the law enforcement investigative privilege.

#### 1. Communications Between Lt. Harrer and His Coworkers Are Not Attorney-Client Communications

The three pages Defendants seek to redact pursuant to the attorney client privilege are emails between Lt. Brian Harrer, at the time a Deputy Sheriff, and Kevin M. Payne, Michael P.

Dunn and Michael J. Filicetti, that were copied to Darren W. Engert and Daniel M. Engert. Confide Ex 1. At the time the emails were composed, Kevin Payne was Chief Jail Administrator of the Niagara County Jail, Michael Dunn was Chief Deputy Sheriff, Michael Filicetti was Undersheriff, Darren Engert was a Corrections Captain, and Daniel Engert was Deputy Chief Jail Administrator.  None of these persons are attorneys.  The attorney-client privilege is *per se* inapplicable.

    **2.  The Law Enforcement Investigative Privilege is Inapplicable**

Defendants' privilege log identified the portions of the following pages as governed by the Law Enforcement Investigative Privilege: DEF002549, 002550 which are portions of pages of Lt. Harrer's Report; and DEF002571, 002577, 002578 and 002579, which are identified as emails between Lt. Harrer and Assistant District Attorneys Mary Jean Bowman and Ryan K. Parisi.  Exhibit Q.  The Law Enforcement Investigatory Privilege protects a public agency's investigative or enforcement efforts to avoid interfering with on-going investigations, to protect confidential informants, and to maintain confidentiality of law enforcement techniques. *Dinler v. City of N.Y. (In re City of N.Y.), 607 F.3d 923, 948 (2d Cir. 2010)*.

Given that the investigation of Officer Matalavage's alleged misconduct is long-since completed, the criminal proceeding against her has also been resolved, there were no confidential informants, and, based upon the unredacted portions of the documents, no specialized or secret law enforcement techniques used in the investigation, none of the factors favoring application of the privilege apply here.

    **B.  Each Party Must be Required to Answer Interrogatories Directed to That Party.**

Fed. R. Civ. P. 33(b) requires a party to whom Interrogatories are directed to answer each Interrogatory separately and fully. Plaintiff served written Interrogatories upon each of the four

6

named Defendants in this action, and served Document Requests upon all of the Defendants jointly. Numerous Interrogatory responses from individual Defendants referenced other Defendants' responses. Plaintiff's counsel has repeatedly asked Defendants to confirm that a Response by one party cited in an Interrogatory answer by another party is binding upon the answering party. Exhibits L, S. To date, Defendants have failed to provide that confirmation. Specifically, Plaintiff cited the following responses by the following Defendants:

- Defendant Sheriff of Niagara County's ("Sheriff's") Responses Nos. 6, 9 and 16 referenced County of Niagara's ("County's") Response No. 13, Exhibit H;
- Defendant Sheriff's Responses Nos. 10 and 13 referenced County's Response No. 7, *Id.*;
- Defendant Sheriff's Response No. 12 and 15 referenced County's Response No.6, *Id.*;
- Defendant Sheriff's Response No 14 referenced County's Response No. 12, *Id.*;
- Defendant Sheriff's Response No. 15 also referenced County's Responses Nos. 4, 8, and 9, *Id.*;
- Defendant Sheriff's Response No. 17 referenced County's Response No. 14, *Id.*;
- Defendant Filicetti's Response No. 4 referenced County's Response No. 13, Exhibit I;
- Defendant Filicetti's Response No. 9 referenced County's Response No. 14, *Id.*;
- Defendant Filicetti's Response No. 13 referenced Payne's Response No. 18, *Id.*;
- Defendant Filicetti's Response No. 18 referenced Payne's Response No. 20, *Id.*;
- Defendant Payne's Response No. 7 referenced County's Response No. 8, Exhibit K;

- Defendant Payne's Response No. 10 referenced County's Response No. 6, *Id.*;

- Defendant Payne's Response No. 19 referenced County's Response No, 13, *Id*.

Plaintiff is entitled to an answer to each Interrogatory from each Defendant.

**C. Defendants Must Comply With Fed. R. Civ. P. 34(b)(E)**

Fed. R. Civ. P. 34(b)(E)(i) provides that a party must organize and label documents to correspond to the categories in the request. Defendants' initial production of documents was comprised of 2719 pages of documents organized into five folders labeled Response No. 1, Response No. 2, Response No. 9, Response No. 64 and Response No. 65. Response No. 1 was further subdivided into 14 individual files labeled as follows: 1 525-2019-00124 Bates DEF 000001-000482, 2 525-2019-00825 Bates DEF 000483-001339, 3 525-2019-01448 Bates DEF 001340-001436, 4 EEOC FOIA Request Bates DEF 001437-001483, 5 PERB CHARGE U-31735 Bates DEF 1483-1521, PERB CHARGE U-317136 Bate 001522-001560, 7 PERB CHARGES ARBITRATION AND DOCS PRODUCED TO HAYES on 1 23 20 Bates 001561-002536, 8 UNEMPLOYMENT DOCS Bates DEF002537-002543, 9 Criminal Investigation Report – CONFIDENTIAL DESIGNATION redacted(13193385.1) Bates DEF 002544-00255, 10 Criminal Investigation Communications – CONFIDENTIAL DESIGNATION redacted(1319334.1) Bates DEF 002552-002579, 11 ARREST AND FELONY COMPLAINTS Bates DEF 0025800-002586, 12 Field Case Report – CONFIDENTIAL DESIGNATION (13184509.1) Bates DEF 002587-002588, 13 BUFFALO NEW THRU ADDITIONAL MIN STDS Bates DEF 0202589-002618, 14 Correction Sergeants Bates DEF002720-002725. Richmond Affirmation. Thus, Defendants' Document Response No. 1 consisted of more than 2600 pages of documents.

8

Defendant Sheriff cited Document Responses Nos. 1 and 2 in their responses to Sheriff's Interrogatory No. 2, and Defendants' Document Production generally in response to Sheriff's Interrogatories Nos. 11 and 15  Exhibit H.  Defendant Filicetti cited Document Response No. 1 in his response to Filicetti's Interrogatory No. 2, and Defendants' Document Production generally in response to Filicetti Interrogatory No. 3.  Exhibit I.  Defendant Payne cited Defendants' Document Responses Nos. 1 and 2 in Payne's Interrogatory Response No. 2 (responding to Plaintiff's Interrogatory No. 1(a)); and cited Defendants' Production of Documents without any narrowing reference in Payne's Interrogatory Responses Nos. 6, 7, 8, 11 and 16. Exhibit J.  Defendants Document Requests Nos. 1, 2, 7, 8, 17, 18, 20, 21, 22, 23, 24, 25 26, 27, 28, 32, 33, 34, 38, 39, 40, 41, 42, 43, 45, 46, 48, 52, 53, 54, 56 and 58, without specification to the more than 2600 pages in their Document Response No. 1, at the least. Exhibit K.

Defendants claim to have included among the documents in Response No. 1, documents listed in their Initial Disclosures, (Response No. 1), the collective bargaining agreement applicable to Plaintiff (Response No. 12), unspecified documents relied upon by Brian Harrer in preparing criminal charges (Response No. 18), unspecified "documents reviewed in preparing the submissions concerning EEOC Charge No[s]. 525-2019-00825[, 525-2019-01124 and 525-2019-01448], (Request No. 20, 21 and 22)," documents describing any investigation by Defendants of Plaintiff's charges of discrimination, (Request No 23); documents reviewed in preparing the Employer's submissions in response to Plaintiff's PERB charges (Response No. 24), documents reviewed in preparing the Employer's response to Plaintiff's claim for Unemployment Insurance benefits (Response No. 25), documents relating to the NYS Commission of Corrections minimum standards evaluation of the Niagara County Jail in April

9

2018 Request No. 26) maintenance requests regarding timekeeping machines, (Request No. 32). *Id.*

Although Plaintiff's counsel have been able to identify some of the documents, such as the collective bargaining agreement, it is impossible to ascertain which of the 2600-plus document included in Response No 1 were "reviewed by the Employer" in connection with various investigations and responses to administrative agencies unless those documents are identified by Defendants. Plaintiff respectfully submits that Defendants' production of documents does not comply with the requirements of Fed R. Civ. P. 34(b)(E).

### D. Defendants Have Refused to Respond to Plaintiff's Request for Key Relevant Evidence

Defendants have asserted that the investigation of Plaintiff that was the subject of Plaintiff's first complaint to the EEOC was triggered after review of a randomly selected work shift of Plaintiff's identified significant problems in her recording of rounds. Defendants have turned over 411 pages of records that they assert are the records of the random reviews of Correction Officers rounding records, which elicited the problems attributed to Plaintiff. Defendants have refused to identify the record in question, and Plaintiff's counsel have been unable to locate it among the 411 pages produced.

### E. Defendant Payne's Interrogatory Responses 6, 7, 8 and 9 are Not Responsive to the Interrogatories

Plaintiff served eighteen numbered Interrogatories upon Defendant Payne. Exhibit D. Interrogatory 1 had a sub-part "a," which Defendants numbered as Interrogatory Response No. 2 in Defendant Payne's Response. Exhibit J. In their letter of January 28, 2022, which addressed

Defendants' discovery responses, Plaintiff's counsel noted the discrepancy, and addressed each response with reference to both Plaintiff's numbering and Defendants' numbering.  Exhibit L.

Defendants initially responded to Plaintiff's January 28, 2022 letter on June 8, 2022. Exhibit P.  Upon review of Defendants' Counsel's response, Plaintiff's counsel were unable to determine which of Defendant Payne's responses addressed particular Interrogatories.  Plaintiff's counsel emailed Defendants' counsel on July 6 and 7, seeking an explanation; but were still confused.  Exhibit R. On July 19, 2022, Plaintiff's counsel sent another letter to Defendants' counsel, which, *inter alia*, addressed their confusion regarding Defendant Payne's responses, specifically regarding the Responses numbered 6, 7, 8 and 9.  Exhibit S, pp. 9-10.  Plaintiff's Counsel asked Defendants' Counsel to clarify which answer is responsive to which question, and to respond to Plaintiff's Interrogatories Nos. 6, 8 and 9, which appear to have not been answered. Defendants have declined to do so.

**F.  Defendants Have Refused to Define a Relevant Term**

In his response to Interrogatory No. 6, Defendant Payne stated that the Electronic Supervisory Round Review procedures are utilized "bi-weekly."  Exhibit J, p. 6.  Despite repeated requests, Defendants have not advised whether they are using "bi-weekly" to mean every other week or twice per week.

**G.  Defendants Have Refused to Provide Relevant Information that is Proportional to the Needs of the Case Based Upon Objections of Over-breadth and Burdensomeness**

In their Responses to Plaintiff's discovery demands, Defendants repeatedly asserted objections that the demands were unduly burdensome and/or over-broad. *See* Exhibits G, H, I, J, K.  In their letter of January 28, 2022, Plaintiff's counsel narrowed and focused certain demands that were the subject of objections, and disputed Defendants' contention with respect to others.

Exhibit L.  Defendants provided responses to some of Plaintiff's revised requests in their June 8, 2022 letter, Exhibit P, and produced additional documents, including a privilege log, on June 8 and July 1, 2022.

Plaintiff seeks to compel production of the following responses:

1. **Sheriff of the County of Niagara's Interrogatory Responses,** Exhibit H

- No. 4:  Please identify all the person(s) who provided information that was considered by the person(s) identified in response to Interrogatory No. 3 concerning every promotion to sergeant in the Jail Administration Division of the Sheriff's office between January 1, 2011 and the present.

On information and belief, based upon Defendants' other discovery responses, fewer than six people were promoted to sergeant in the relevant time period.  Plaintiff's initial complaint to the EEOC was a complaint of denial of promotional opportunity based upon her sex.  The information sought is relevant to that claim, proportional to the needs of the case, and important to resolving the issue.

2. **Filicetti's Interrogatory Responses**, Exhibit I

- No. 4:  Please identify the person(s) involved in the decision to discipline the Plaintiff for alleged time violations involving inconsistencies between her log entries and swipes recorded in Defendants' electronic access control system and describe in precise detail exactly what each person identified did, and when he or she did it, in connection with the decision.

Defendants' position that the request is over-broad is unsupportable as the request is limited in time and seeks information that is central to the facts at issue in this matter. Plaintiff requested that Defendant Filicetti, identify the persons involved, and state what each person identified did, and when he or she did it in connection with the decision to discipline the Plaintiff.  The information sought is proportional and relevant to the needs of the case, and important to resolving these issues.

- No. 5:  Please identify all communications Defendant Filicetti had with employees of Defendants, and set forth the substance of all non-privileged communications Defendant Filicetti had with any individual, including, but not limited to the other Defendants and their representatives, concerning EEOC Charges 525-2019-00825, 525-2019-01124 and 525-2019-01448.

Plaintiff has alleged that Defendants pursued disciplinary action against her, ultimately resulting in her discharge from employment, in retaliation for her having filed EEOC complaints about failure to promote and disparate discipline. The information Plaintiff has requested is proportional and relevant to the needs of the case, and important to resolving these issues.

- No. 6:  Please identify all communications, and set forth the substance of all non-privileged communications Defendant Filicetti had with any individual, including, but not limited to the other Defendants and their representatives, concerning the Commission of Corrections' Minimum Standards Evaluation dated April 2018.

Defendants have alleged that their disciplinary actions against Plaintiff in the Spring of 2019 were taken in response to the Commission of Correction's 2018 evaluation that found that the Niagara County Jail was not adequately monitoring correction officers' documentation of their rounds.  The information sought is relevant to the issue of Defendants' motivation, intent and discriminatory animus, and important to resolving these issues.

- No. 7:  Please identify all communications, and set forth the substance of all non-privileged communications Defendant Filicetti had with any individual, including, but not limited to the other Defendants and their representatives, concerning the implementation of the Electronic Supervisory Round Review procedure in the Niagara County Jail.

Plaintiff has alleged that Defendants' alleged reliance on the Electronic Supervisory Round Review procedure is a pretext for gender-based discriminatory treatment with respect to failure to promote, and disparate discipline.  The information sought is relevant to her case, proportional to the needs of the case, and important in resolving these issues.

- No. 8:  Please describe all actions undertaken by Defendants between April 9, 2019 and July 1, 2019, inclusive, that communicated to Plaintiff details and specific information concerning her alleged violation of the Employer's procedures, rules and regulations, and

information as to how she might avoid violations of those rules and regulations in the future.

Defendants' written procedures for Electronic Supervisory Round Review specifically call for initial counseling of officers found to be not in compliance with rounding requirements. Plaintiff contends that she was not provided any specific information concerning her alleged violation of the rounding requirements until she received the Notice of Discipline on July 8, 2019. Defendant's response to this Interrogatory is important to Plaintiff's proof and the resolution of the issue. The information sought is relevant and proportional to the needs of the case.

- No. 16: Concerning the Felony Complaints against the Plaintiff signed by Brian Harrer, please state the following:
  a) Who authorized the preparation of the felony complaints;
  b) On what date were the felony complaints prepared;
  c) What communication did Defendant Filicetti have with Lt. Harrer concerning the felony complaints.

Plaintiff has alleged that Defendants pursued disciplinary action against her ultimately resulting in her discharge from employment in retaliation for her having filed EEOC complaints about failure to promote, disparate discipline. The information Plaintiff has requested is proportional and relevant to the needs of the case, and important to resolving these issues.

3. **Payne Interrogatory Responses,** Exhibit J.

- No. 3: Please identify all communications, and set forth the substance of all non-privileged communications Defendant Payne had with any individual including, but not limited to, the other Defendants and each of their representatives, concerning the Commission of Corrections' Minimum Standards Evaluation dated April 2018.

Defendants have alleged that their disciplinary actions against Plaintiff in the Spring of 2019 were taken in response to the Commission of Correction's 2018 evaluation that found that the Niagara County Jail was not adequately monitoring correction officers' documentation of

14

their rounds. The information sought is relevant to the issue of Defendants' motivation, intent and discriminatory animus, and important to resolving these issues.

- No. 4: Please identify all communications, and set forth the substance of all non-privileged communications Defendant Payne had with any individual, including, but not limited to the other Defendants and their representatives, concerning the implementation of the Electronic Supervisory Round Review procedure in the Niagara County Jail.

Plaintiff has alleged that Defendants' alleged reliance on the Electronic Supervisory Round Review procedure is a pretext for gender-based discriminatory treatment with respect to failure to promote, and disparate discipline. The information sought is relevant to her case, proportional to the needs of the case, and important in resolving these issues.

- No. 5: Please identify all communications, and set forth the substance of all non-privileged communications Defendant Payne had with any individual, including, but not limited to, the other Defendants and their representatives, concerning complaints, inaccuracies, and concerns regarding any and all timekeeping instruments within the Niagara County Jail. Instruments for the purpose of this paragraph shall mean time cards, handwritten logs, clocks, sensor points, video recordings.

Plaintiff has repeatedly testified that she believes some of the discrepancies in the timing of her rounds are attributable to the lack of synchronicity of the various time-keeping devices in the Niagara County Jail. As Chief Jail Administrator, Defendant Payne knew or should have known about this issue. In response to Defendants' argument that the request was overly broad, Plaintiff agreed to limit the time frame to the time period from January 2018 to June 30, 2019. The information sought is relevant Plaintiff's claim that she was subjected to disparate discipline and failure to promote on the basis of her gender.

- No. 11: Please identify all communications, and set forth the substance of all non-privileged communications Defendant Payne had with any individual, including, but not limited to the other Defendants and their representatives, concerning the investigation of Plaintiff Matalavage's performance or non-performance of her duties during the time period 2018-2019.

Plaintiff has alleged that Defendants pursued disciplinary action against her, ultimately resulting in her discharge from employment, in retaliation for her having filed EEOC complaints about failure to promote and disparate discipline. The information Plaintiff has requested is proportional and relevant to the needs of the case, and important to resolving these issues.

- No. 12: Please identify all communications Defendant Payne had with employees of Defendants, and set forth the substance of all non-privileged communications Defendant Payne had with any individual, including, but not limited to the other Defendants and their representatives, concerning EEOC Charges 525-2019-00825, 525-2019-01124 and 525-2019-01448.

Plaintiff has alleged that Defendants pursued disciplinary action against her, ultimately resulting in her discharge from employment, in retaliation for her having filed EEOC complaints about failure to promote and disparate discipline. The information Plaintiff has requested is proportional and relevant to the needs of the case, and important to resolving these issues.

- No. 16: Please identify all communications, leading up to and subsequent to, Defendant Payne's meeting with Plaintiff and other co-Defendants on Monday, June 10, 2019 at 8:30.

In response to Defendants' objection, Plaintiff agreed to narrow the breadth of the Interrogatory as follows: "Please identify all communications concerning Defendant Payne's meeting with Plaintiff held on Monday, June 10, 2019 at 8:30 a.m. that Defendant Payne had with any other persons both before and after the June 10, 2019 meeting." Defendant Payne did not respond to the Interrogatory as modified. The information Plaintiff has requested is proportional and relevant to the needs of the case, and important to resolving issues of fact and issues regarding Defendants' motivation**s.**

4. **Defendants' Responses to Document Requests**, Exhibit K

- No. 14: Please provide copies of all Documents concerning or summarizing any oral agreement between Plaintiff and Defendant(s) during the course of Plaintiff's employment with Defendant(s).

In response to Defendants' objection Plaintiff narrowed this request as follows: "Please provide copies of all Documents concerning or summarizing any oral agreement between Plaintiff and Defendant(s) offered or entered into between January 1, 2019 and February 28, 2020, including but not limited to emails, and texts." As limited the Request is focused on any oral agreements reached during the period at issue in this litigation. Such information would be relevant to Plaintiff's claim, and possibly to Defendants' defenses. Defendants did not respond to the revised Request. If no such agreements were reached, Defendants should so state.

- No. 35:  Please provide copies of all written communications between Defendant Filicetti and any employee of the Niagara County Sheriff's Department concerning the Plaintiff that were sent or received between May 1, 2018 and September 30, 2019.

This Request is narrowly focused on the time span, issues, and persons involved in Plaintiff's claims. As such, it neither over-broad nor unduly burdensome.

- No. 36:  Please provide copies of all written communications between Defendant Payne and any employee of the Niagara County Sheriff's Department concerning the Plaintiff that were sent or received between May 1, 2018 and September 30, 2019.

This Request is narrowly focused on the time span, issues, and persons involved in Plaintiff's claims. As such, it neither over-broad nor unduly burdensome.

- No. 37:  To the extent such communications have not been produced in response to prior Document requests, please provide copies of all written communications between Defendant Filicetti and any member or representative of the Niagara County Deputy Sheriff's Association concerning the Plaintiff sent or received between January 1, 2019 and September 30, 2019.

This Request is narrowly focused on the time span, issues, and persons involved in Plaintiff's claims. As such, it neither over-broad nor unduly burdensome.

- No. 38:  Please provide copies of all Documents in your possession or control concerning inconsistencies between any Documents created by any employee of the Niagara County Jail and the swipes recorded in Defendant's electronic access control system.

In response to Defendant's objection regarding over-breadth, Plaintiff limited this this Request to the period from January 1, 2018 to the present.  Plaintiff alleges that she was subjected to disparate disciplinary treatment on the basis of her gender, as she was disciplined and prosecuted allegedly due to inconsistences between her logs and the swipes recorded in Defendants' electronic access control system.  Plaintiff contends that many other officers had similar inconsistencies, yet it appears undisputed that Plaintiff is the <u>only</u> officer ever subjected to any form of discipline with respect to such inconsistencies.  Information sought in this Document Request is relevant to the central issue in this case; as limited, it is not unduly burdensome, considering the importance of the issues at stake in the action, the amount in controversy, the parties' access to relevant information, the parties' resources and the importance of the discovery in resolving the issue.

- No. 49:  Please provide all documents related to internal communications related to the Documents referenced in 48 above  (Request No. 48 sought all Document(s) concerning press releases and/or communications available to the public, including not limited to social media, related to the discipline or charges brought against any employee of the Niagara County Jail, during the period 2011 to present.)

One of Plaintiff's claims relates to the Defendants' publicizing of her arrest via news and social media.  Information sought in this document request is relevant to that claim and Plaintiff's damages. In response to Defendants' objections, Plaintiff agreed to limit the request to communications to and from Defendants and Defendants' employees between January 1, 2011 and December 31, 2020.  As limited the request is relevant to the issues of the case, and neither unduly burdensome nor overbroad.

- No. 50:  Please provide copies of all documents prepared by, or at the direction of, any employee of Defendant concerning Plaintiff during the period 2011 to 2020.

In response to Defendants' objections, Plaintiff agreed to limit the time frame of the request to the period  between January 1, 2015 and December 31, 2020, and limit the request to

correspondence between Plaintiff and Defendants or concerning Plaintiff. We assume that all such correspondence must be in the form of emails, which, presumably can be searched on the Defendants' server by using the Plaintiff's name. As limited the request is relevant to the issues of the case, and neither unduly burdensome nor overbroad.

- No. 51: Please provide copies of all correspondence between Plaintiff and Defendants, or concerning Plaintiff, by or to any employee of Defendant, or concerning Plaintiff by or to any outside person during the period 2011 to 2020.

In response to Defendants' objections, Plaintiff agreed to limit the time frame of the request to the period between January 1, 2015 and December 31, 2020, and limit the request to correspondence between Plaintiff and Defendants or concerning Plaintiff. We assume that all such correspondence must be in the form of emails, which, presumably can be searched on the Defendants' server by using the Plaintiff's name. As limited the request is relevant to the issues of the case, and neither unduly burdensome nor overbroad.

**H. Defendants Have Not Produced Relevant Documents Identified by Them**

Pages DEF002544 and DEF002545 of Defendants' Document Production reference spreadsheets prepared by Lieutenant Harrer that were highlighted in green and red, and copies of log entries that he provided to Deputy Chief Engert on or about May 20, 2019, that were highlighted in green. Plaintiff requested color copies of those spreadsheets in their letter of May 11, 2022. Defendants have not provided the documents, nor otherwise addressed the request. The documents are relevant to the issue of Plaintiff's alleged misconduct, and as such are subject to production.

**CONCLUSION**

As is set forth in her complaint (Item No. 1), Plaintiff was suspended on July 8, 2019, and never returned to work. Criminal charges were not lodged against her until August 2019, and

19

she resigned from her position in January 2020.  Plaintiff had no access to any relevant information concerning her case for more than a year before she filed her complaint, and has no means to obtain such information other than via the discovery process.

As is set forth in detail, above, Plaintiff seeks the production of information that is relevant to her claim and proportional to the needs of the case, considering the importance of the issues at stake herein, the parties' relative access to relevant information their resources, and the importance of the discovery in resolving the issues.

Defendants' counsel have refused to engage in any meaningful discussion of Plaintiff's efforts to engage in discovery, instead confining their communication to emails and letters. Thus, Plaintiff has no other option than to seek the Court's assistance in obtaining the discovery she needs to prove her case.  Plaintiff respectfully requests this Court to grant her motion, and to Order the Defendants to produce the materials described herein.

Dated: Buffalo, New York
August 12, 2022

By:  __Anna Marie Richmond__
Anna Marie Richmond, Esq.
Law Office of Anna Marie Richmond, Esq.
2500 Rand Building
14 Lafayette Square
Buffalo, NY 14203
annamarierichmondesq@gmail.com

By:  __Elizabeth Tommaney___
Elizabeth Tommaney, Esq.
Tommaney Law PLLC
2500 Rand Building
14 Lafayette Square
Buffalo, NY 14203
Liza@TommaneyLegal.com