UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALEXANDRA MATALAVAGE,

                    Plaintiff,

            vs.

SHERIFF OF THE COUNTY OF NIAGARA,
ET AL.,

                    Defendant.
_____

20-CV-1254-WMS-LGF

ATTORNEY'S AFFIRMATION IN SUPPORT OF PLAINTIFF'S SUPPLEMENTAL MOTION TO COMPEL

State of New York    )

County of Erie       )

      Elizabeth Tommaney, an attorney admitted to practice in the State of New York, affirms under the penalty of perjury:

1. I am an attorney for the Plaintiff in the above-captioned matter; I make this affirmation in support of Plaintiff's Supplemental Motion to Compel.

2. There are currently four Defendants in this action: the County of Niagara, the Sheriff of the County of Niagara, Michael Filiectti, who was Undersheriff at the time of the events at issue, and is currently Sheriff, and James Payne, who was Chief Jail Administrator at the time of the events at issue and is now retired.

3. Discovery in this matter was extended through November 14, 2022, (Item 47).

4. Plaintiff served her Third Request for Production of Documents on October 11, 2022. (Exhibit A)

5. Plaintiff's Third Request for Production of Documents was limited to Booking Sheets for all women inmates received in the Niagara County Jail on a total of forty-eight (48) specified dates and further limited to one shift per specified date.

6. The information sought in the request is limited in scope and the request was made in a timely matter.

7. Defendants' response to Plaintiff's Third Request for Production of Documents mirrors their response to Plaintiff's Second Request for Production of Documents.

8. In their response (Exhibit B) Defendants argue that the request is overly broad, unduly burdensome, and seeks information that is not relevant to the subject matter of this litigation, nor proportional to the needs of this case.

9. The information is highly relevant as Plaintiff alleges she was discriminated against on the basis of her gender and in retaliation for filing discrimination complaints.

10. The requested information is directly relevant to assist Plaintiff in documenting differential treatment based on her gender and in retaliation for complaints of discrimination.

11. The information requested is important to proving Plaintiff's theory of the case for the reasons set forth in Plaintiff's Memoranda of Law dated October 7, 2022 and November 1, 2022) ((Item 44-9 and 49)

12. Plaintiff's counsel reached out to Defendants' counsel via email asking if they were available to discuss their objections to Plaintiff's Third Request for Production of Documents. (Exhibit C).

13. Defendants' counsel requested that Plaintiff's counsel email Defendants Plaintiff's questions or concerns, and advised that if a call was necessary, it could be scheduled. (Exhibit C)

14. Plaintiff's counsel requested that Defendants' counsel reconsider their position as the requested information is relevant to the case. (Exhibit C).

15. Defendant's counsel asked Plaintiff's counsel to advise why Plaintiff's counsel believed the requested information is relevant. (Exhibit C)

16. Plaintiff's counsel advised Defendant's counsel that Plaintiff's counsel was willing to discuss, but would wait to outline Plaintiff's counsel's reasoning until Plaintiff's counsel spoke with Defendant's counsel. (Exhibit C)

17. Defendants' counsel advised that they disagree that the documents are relevant and unless Plaintiff's counsel articulate in writing to Defendants' counsel why Plaintiff's counsel believe the requested documents are relevant, Defendants' counsel stands by their response and that there is no reason for Plaintiff's counsel and Defendant's counsel to speak. (Exhibit C)

18. Plaintiff contends that the documents outlined in the Third Request are relevant and that Plaintiff is not required to further articulate to Defendant the reason such documents are required.

19. As set forth in Plaintiff's Reply in Support of Her Second Motion to Compel (No 49), her prior Attorney's Affirmation in Support of the Motion (Item 44-1) and her Memo of Law (Item 44-9), Plaintiff asserts the documents are necessary to establish her claim that she was subjected to greater scrutiny than similarly situated male

    correction officers, and that she was subjected to retaliation for having filed a complaint with the EEOC.

20. Plaintiff argues that Defendants' General and Continuing Objections include inapplicable objections, specifically 2, 3, 5, 6, and 8, as the documents are not publicly available and we understand the documents are in the possession, custody, or control of Defendants, the documents have not already been produced to Plaintiff as this was the first request for said documents, the requests are specific as to date and line (work-shift), are relevant to the subject matter of this litigation, and are reasonably calculated to lead to the discovery of admissible evidence, the Third Requests are not repetitive, the Third Requests reference a specific time frame that is limited in scope and is reasonably calculated to lead to discovery of admissible evidence.

21. Plaintiff has conducted discovery in good faith, narrowing the scope and is requesting additional necessary information in development of Plaintiff's case.

22. Defendants reserved the right to apply for costs incurred in complying with the Third Requests and Plaintiff reserves the same right in light of the failure of Defendants to provide requested discovery.

By: /s/ Elizabeth Tommaney
Elizabeth Tommaney, Esq.
Tommaney Law PLLC
2500 Rand Building
14 Lafayette Square
Buffalo, NY 14203
Liza@TommaneyLegal.com

Dated: Buffalo, New York

November 15, 2022

To:    Michael E. Hickey, Esq., and Riane F. Lafferty Esq.,
       Attorneys for the Defendants
       Bond, Schoeneck & King, PLLC
       200 Delaware Avenue, Suite 900
       Buffalo, NY 14202-2292\